```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

           -against-                    13 Cr. 277 (RWS)

                                        SENTENCING
PHILIPPEAUX, Philander,                 OPINION

                    Defendant.

------------------------------------X
```

**Sweet, D.J.**

On September 23, 2015, Philander Philippeaux ("Philippeaux" or "Defendant") was found guilty on one count of conspiracy to distribute and possess with the intent to distribute five kilograms and more of cocaine and one count of conspiracy to import into the United States and into the customs territory of the United States from a place outside thereof, five kilograms and more of cocaine, with which he was charged in a superseding indictment filed by the Government on April 3, 2014. Superseding Indictment, United States v. Philander Philippeaux, No. 13 Cr. 277 (April 3, 2014). For the reasons set forth below, Philippeaux will be sentenced to 235 months imprisonment on each Count, to be served concurrently, followed by five years' supervised release, subject to the scheduled sentencing hearing

1

on January 25, 2016. Philippeaux is also required to pay a special assessment of $200.

## Prior Proceedings

Philippeaux is named in a two-count superseding indictment filed in the Southern District of New York on April 3, 2014. Count One charged that from at least October 2011, up to and including April 2013, in the Southern District of New York and elsewhere, Defendant and others conspired to distribute and posses with the intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. 846. Count two charged that from at least October 2011, up to and including April 2013, in the Southern District of New York and elsewhere, Defendant and others conspired to import into the United States and into the customs territory of the United States from a place outside thereof; five kilograms and more of cocaine, in violation of 21 U.S.C. § 960(b)(1)(B) and 21 U.S.C. § 963. The Superseding Indictment contained a forfeiture allegation that as a result of committed the controlled substance offenses alleged in Counts One and Two, Defendant shall forfeit to the United States, pursuant to 21 U.S.C. 853 and 970, any and all property constituting or derived from any proceeds that Defendant obtained directly or indirectly as a

result of the offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts One and Two of the Superseding Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses described in Counts One and Two of the Superseding Indictment.

On September 23, 2015, following a jury trial, Philippeaux was found guilty on both Counts. He is scheduled to be sentenced on January 25, 2016.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed –

3

      (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)   to afford adequate deterrence to criminal conduct;

      (C)   to protect the public from further crimes of the defendant; and

      (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

      (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Reports ("PSRs") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

In 2012, Philippeaux and a co-conspirator ("CC-1") together approached a cooperating witness ("CW-1") regarding a scheme to purchase cocaine abroad and import it for retail sale in New York. In February 2012, Defendant directed CC-1 and CW-1 to travel to Panama and Colombia to arrange a purchase of cocaine. In consultation with Defendant, CC-1 and CW-1 arranged a purchase of roughly 14 kilograms of cocaine from two sellers in Colombia. Philippeaux transferred money to be used for the purchase and transport of the cocaine to New York. The deal ultimately was not completed.

In March 2014, CC-1 approached CW-1 about another transaction. CW-1 arranged for a separately charged co-conspirator ("CC-2") to sell cocaine to CC-1 and Defendant. At this point, CC-1 was introduced to an undercover Drug Enforcement Administration ("DEA") agent posing as a narcotics transporter. Defendant met with CC-2 in Cali, Columbia regarding a second deal, where CC-2 agreed to sell cocaine to Defendant and CC-1. On March 15, 2013, Defendant and others met another cooperating witness to arrange transport. Defendant and others agreed to pay the cooperating witness $5,000 per kilogram of cocaine to transport the drugs to New York. The DEA interceded, providing co-conspirators with fake drugs, which were ultimately transported to New York, where the DEA intercepted the fake drugs. Defendant was in contact with the co-conspirator directed to receive the drugs. He was arrested on March 30, 2014 in the Southern District of Florida.

## The Relevant Statutory Provisions

For Count 1 of the Superseding Indictment, the minimum term of imprisonment is 10 years and the maximum term is life. 21 U.S.C. §§ 846, 841(b)(1)(A). For Count 2, the minimum term of imprisonment is 10 years and the maximum term is life. 21 U.S.C. §§ 963, 960(b)(1)(B).

6

For Count 1, the Court must impost a term of supervised release of at least 5 years and up to life. 21 U.S.C. §§ 841(b)(1)(A), 846. For Count 2, the Court must impose a term of supervised release of at least 5 years and up to life. 21 U.S.C. §§ 960(b)(1)(B), 963. Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

For each Count, the defendant is ineligible for probation because it is expressly precluded by statute. 21 U.S.C. §§ 841(b)(1)(A), 846, 960(b)(1)(B), 963. A special assessment of $100 per count is mandatory, for a total of $200. 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2015 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

Counts 1 and 2 are grouped for guideline calculation purposes. U.S.S.G. § 3D1.2(d). The guideline for 21 U.S.C. § 841(b)(1)(A), 846, 960(b)(1)(B), and 963 offenses is found in U.S.S.G. § 2D1.1. An offense involving 28 kilograms of cocaine

7

has a base offense level of 32. U.S.S.G. § 2D1.1(a)(5), (c)(4). For his aggravating role in the offense conduct as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive,[1] four levels are added. U.S.S.G. § 3B1.1(a). Given Defendant is subject to a § 3B1.1. enhancement and Defendant was directly involved in the importation of a controlled substance, an additional two levels are added. U.S.S.G. § 2D1.1(b)(15). The adjusted offense level subtotal is 38.

Defendant was convicted at trial, during which he testified that he was not involved in the offense. He did not disucss the case during his presentence interview. Accordingly, no adjustment is warranted for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The total offense level is 38.

The Defendant has no known criminal convictions. Therefore, he has zero criminal history points. Pursuant to Chapter 5, Part A of the U.S. Sentencing Guidelines, a criminal history score of zero establishes a criminal history category of I. Based on the

---

[1] Defendant has argued that the evidence at trial does not show Defendant was an organizer, leader, manager, or supervisor, given the role of CW-1. Notwithstanding CW-1's status as an organizer or leader of either or both deals with which Defendant has been charged, the evidence at trial does establish that Defendant organized and managed the 2012 and 2013 cocaine deals.

8

total offense level of 38 and a criminal history category of I, the guideline range of imprisonment is 235 months to 293 months.

For both counts, the guideline term of supervised release is 5 years. U.S.S.G. § 5D1.2(c). The court shall order a term of supervised release when required by statute. U.S.S.G. § 5D1.1(a)(1).

The Defendant is ineligible for probation on both counts because it is expressly precluded by statute. U.S.S.G. § 5B1.1(b)(2).

The fine range for these offenses is $25,000 to $20,000,000. Where the defendant is convicted under a statute authorizing (a) a maximum fine greater than $250,000, or (b) a fine for each day or violation, the Court may impose a fine up to the maximum authorized by statute. U.S.S.G. §§ 5E1.2(c)(4), (h)(1).

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and

9

term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 16, 2015, provides a daily cost of $84, a monthly cost of $2,552, and an annual cost of $30,621 for imprisonment.

### The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having received sentencing memoranda from both Defendant and the Government, the Court has identified no factors that wouls

warrant a departure from the applicable sentencing guideline range.

## The Sentence

For the instant offenses, Philander Philippeaux shall be sentenced to 235 months in prison on each Count, to be served concurrently, followed by five years' supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug testing within fifteen (15) days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

(5) Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

11

    (2)    Defendant shall submit his person, residence, place of business, vehicle, or any other premises, property, or electronic devices under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

    (3)    Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

    (4)    Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $200, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

As a result of committed the controlled substance offenses alleged in Counts 1 and 2 of the Superseding Indictment, Defendant shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853, 970, any and all property constituting or derived from any proceeds that Defendant obtained directly or indirectly as a result of the offenses and any and all property used or intended to be used in any manner or part to commit and to

12

facilitate the commission of the offenses alleged in Counts 1 and 2 of the Superseding Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses.

Defendant has been detained without bail since his arrest and is facing a mandatory minimum of ten years imprisonment. Therefore, Defendant is not a candidate for voluntary surrender. 18 U.S.C. § 3143(a)(2).

It is so ordered.

New York, NY
January 20, 2016

_____
ROBERT W. SWEET
U.S.D.J.

13