TRULINCS 05029104 - PHILIPPEAUX, PHILANDER - Unit: COL-A-C

---

FROM: 05029104
TO:
SUBJECT: MOTION TO DISMISS NUNC PRO TUNC
DATE: 08/08/2020 10:17:07 AM



AUG 17 2020

U.S.D.C.
WP

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
Petitioner,

V.                                      CASE NO. 1:13-cr-00277-RA-SN

PHILANDER PHILIPPEAUX
Respondent.
_____/

EMERGENCY MOTION TO DISMISS INDICTMENT [NUNC PRO TUNC], OR ON THE COURT'S
OWN MOTION [SUA SPONTE] FOR UNLAWFULLY MANUFACTURING SUBJECT MATTER JURISDICTION
MOTION FOR IMMEDIATE DISCHARGE OF PRISONER

---

. COMES NOW, Petitioner Philander Philippeaux, Pro Se, moving this Honorable Court to dismiss Indictment, [Nunc Pro Tunc] or on the Court's own motion [Sua Sponte], for unlawfully manufacturing Subject Matter Jurisdiction via egregious Prosecutor misconduct pursuant to the filing of a falsified Grand Jury indictment knowingly and willfully and with racial animus against Movant. Petitioner Philippeaux moves this Honorable Court to dismiss the falsified Indictment, and to Order Immediate Discharge of prisoner. Petitioner Philippeaux states as follow:

. Movant knows that according to Federal Rules of Criminal Procedures 12(b)(2), Defendants can file for relief with this Honorable Court Sub Judice any time. Please see, United States v. Wander, 601 F.2d 1251 at 1259 (3rd Cir. 1979); United States v. Beard, 414 F.2d 1014 (3rd Cir. 1969);Quoting, United States v. Manuszak, 234 F.2d, 421, 423 (3rd Cir. 1956).
. Therefore, pursuant to Federal Rule of Criminal Procedure, Rule 12(b)(2), the Fifth Amendment of the U.S. Constitution, the Sixth Amendment (the Grand Jury Clause, Due Process of law).

. Thus, Movant Philander Philippeax, moves this Honorable Court to dismiss the fake Indictment due to a "Void Judgment", due to "Fraud" upon the Court, and to Dismiss the false Indictment with prejudice. To also order immediate discharge of Prisoner.

. Therefore the forgoing grounds will show:

. ISSUE INVOLVED: The Assistant United States Attorney did proceed knowingly and willfully in the filing of a bogus and falsified Grand Jury Indictment in which he knew or should have known was devoid of both, a "TRUE BILL" or a "NO TRUE BILL" endorsement (issuance) of a Grand Jury, thus making the Indictment a "NO BILL" not even a bill at all. See, United States v. Philippeaux, Case No. 1:13-cr-00277-RA-SN (S.D.N.Y.) [D.E. 16, 18 & 37]. Or see exhibits attached.

TRULINCS 05029104 - PHILIPPEAUX, PHILANDER - Unit: COL-A-C

--------------------------------------------------------------------------------------------------

## STATEMENT OF THE FACTS

1- Hence, on April 03, 2014 a sealed falsified indictment was filed against Movant Philippeaux.

2- Movant Philippeaux entered a plea of NOT GUILTY and requested a Jury trial, to which he was found guilty and sentenced to 211 months on February 02, 2016.

3- On September 25, 2017, the Second Circuit Court issued a Mandate affirming the District Court's Judgment.

4- On January 08, 2018, The Supreme Court of the United States Ordered, Adjudged, And Decreed that the Judgment affirmed. On June 27, 2018, Petitioner filed a 28 U.S.C. 2255 and was denied on March 09, 2020.

## ARGUMENT

5- The Fifth and Sixth Amendment of the United States Constitution requires that a Defendant can only be convicted on charges presented in a "TRUE BILL" Indictment issued by a Grand Jury. Here the Grand Jury never issued a "TRUE BILL" Indictment against Movant Philippeaux. Thus, this is a DUE PROCESS violation rendering the Judgment "VOID and NULL".

6- A "TRUE BILL" Indictment is a prerequisite to prosecution and incarceration. See Smith v. Hall, 2013 U.S. Dist. LEXIS 21448 Case No. 3:12-cv-1022 (Tenn. Feb. 2013). There must be a TRUE BILL indictment attached. Please See, Powers v. Wallen, 2014 U.S. Dist. LEXIS 51595, (6th Cir. 2014); United States v. Michael, 180 F. 2d 55 (3rd Cir. 1949); and United States v. Thompson, 287 F. 3d 1244 (10th Cir. 2020). Also see, United States v. Wander, 601 F. 2d 1251 at 1259 (3rd Cir. 1979); United States v. Beard, 414 F. 2d 1014 (3rd Cir. 1969); Quoting United States v. Manuszak, 234 F. 2d, 421, 423 (3rd Cir. 1956).

7- Absent a legal "TRUE BILL" Indictment, the Proceedings, the Conviction, the Sentence, and Mandate are all illegal and "VOID". A Judgment is "VOID" if it is not consistent with "DUE PROCESS" of law. Orner v. Shalala, 30 F. 3d 1307, 1308 (C. A. 10 (Colo.), 1994).

8- A Judgment reach without a legal true bill indictment (Due Process violation) is without jurisdiction and thus "VOID". See, Bass v. Hoagland, 172 F. 2d 205, 209 (1949).

9- If the Indictment is "illegal" (false), not a "TRUE BILL", rendering the judgment "VOID" (see, the exhibit attached or United States v. Philippeaux, Case No. 1:13-cr-00277-SR-RA, [D.E. 16, 18, 37]), and once voidness is found then "relief from Judgment is not discretionary", and any Order base upon that Judgment is also "VOID". V.T.A., Inc. v. Airco, Inc., Supra @ 221; Venable v. Haislip, 721 F. 2d 297, 298 (1983).

10- The Fifth Amendment "Due Process" of law clause requires the accused be legally indicted by a Grand Jury, thus filing a falsified Indictment is "Fraud Upon the Court", thus warrant dismissal as explained thoroughly in the case of United States v. Samango, 450 F. Supp. 1097, aff'd 607 F. 2d 877 (9th Cir. 1979)(Indictment dismissed with prejudice where it was determined "fraud had been practice upon the Grand Jury).

11- The Supreme Court teaches us in the case of Townsend v. Burke, 334 U.S. 736, 740-41, 68 S. Ct. 1252, 1255, 92 L. Ed. 1690 (1948)("Conviction/Sentence cannot be base on misinformation"). Our body of Jurisprudence has never countenanced the fabrication of any sort of evidence either "tangible or testimonial. "Cf, Yarris v. County of Delaware, 465 F. 3d 129 (3rd. Cir. 2006); United States v. Salemme, 91 F. Supp. 2d 141 (D. Mass. 1999); United States v. Hernandez-Rodriguez, 443 F. 3f 138 (1st Cir. 2006); Olmstead v. United States, 277 U. S. 438, 479 (1928)(J. Brandeis Dissenting); Demjanjuk v. Petrovesky, 10 F. 3d 338 (6th Cir. 1993); Universal Oil Products v. Root Refining Co., 322 U.S. 575 (1946).

12- Judge Robin S. Rosenbaum stated: "No conviction resulting from a fundamentally unfair trial should be permitted to stand," Scott v. United States, 2018 BL 182917, (11th Cir.) 15-1137716-11950, 5/23/2018. As in the case of Hutton, the court concluded that, notwithstanding a procedural, it could "reach the merits" of Hutton's claims to "avoid a fundamental miscarriage of Justice." Hutton v. Mitchell, 839 F. 3d 486, 498 (2016).

## MOTION FOR IMMEDIATE DISCHARGE OF PRISONER

Movant, Philander Philippeaux, moves this Honorable Court to Dismiss the Indictment based on falsification that the Indictment isn't a "BILL" from the Grand Jury, (not a "True Bill" or a "No True Bill" Indictment). And to Order an Immediate Discharge of Prisoner on the grounds that Movant Philippeaux was never indicted by a Grand Jury rendering all Judgment, Order, Mandate, and Decree against Movant Philippeaux, "VOID and NULL". Thus Movant is serving an illegal Sentence.

## EMERGENCY NATURE OF THE MOTION

Petitioner Philander Philippeaux is currently housed in a facility that is saturated with Covid-19 (Coronavirus), Petitioner has many of the underlying conditions, described by the Center for Disease Control, to be most vulnerable to the disease and even more likely to end in a fatality (Death). This Disease have claimed over a million American lives in the last five (5) months. Petitioner's Institution is the 5th with the most positive cases in the nation's BOP's prisons and made the news several times (specifically see "SPECTRUM NEWS") for their inability to protect the inmate population while suppressing the real number of inmate "deaths" and positive cases. Petitioner is actually innocent, has no legal "TRUE BILL" indictment from a Grand Jury, and is now facing death in the prison (Coleman Low). Thus, Petitioner respectfully request that the Supreme Court, upon receipt of this motion with the "exhibits" attached, as undeniable proof from a source that cannot be reasonably question (the District Court's own record), to immediately order the release of Petitioner Philippeaux, not only to serve Justice but to also save his life. Florida deaths count is over 200 a day, thus by the time this motion reaches the court, more than a thousand (1000) people will have died from Covid-19 in Florida, which is now the new hot spot in the country. This motion is an Emergency in a life threaten situation.

## CONCLUSION

Those facts and controlling decisions support that this Court should grant the relief requested herein as no Grand Jury's legal TRUE BILL indictment exist against Movant Philander Philippeaux. A court exists not merely to decide cases, but to decide them correctly. See, W. Virginia Oil & Gas Co. v. George E. Greece Lumber Co., 213 F. 2d 702, 704 (5th Cir. 1954).

The public's interest in correcting an erroneous conviction or sentence "may counsel a more generous recall rule in criminal cases" than in other contexts.

Movant request that this Honorable Court to Dismiss the falsified Indictment against Mr. Philander Philippeaux, and to Order "Emergency" Immediate Discharge of Prisoner from this illegal Sentence.

Respectfully Submitted,

Philander Philippeaux                               9/8/2020
                                                    Date

For the many reasons cited in this Court's prior orders, Petitioner's motion is denied.

SO ORDERED.

Hon. Ronnie Abrams
8/18/2020