Page 1 of 4

UNITED STATES DISTRICT COURT

IN THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

V.                                          CASE NO. 1:13-CR-00277-RA-SN

PHILANDER PHILIPPEAUX

Movant,
_____/

MOTION FOR RECONSIDERATION ON ORDER [DOC. 149]

    COMES NOW, Movant Philippeaux, moving this Court for a reconsideration on the Order [Doc. 149]. Petitioner states as follow:

    Judge Ronnie Abrams denied Movant's Emergency Motion to Dismiss Indictment [Nunc Pro Tunc] or Sua Sponte, for unlawfully manufacturing subject matter jurisdiction thru egregious prosecutor misconduct, pursuant to filing a "FAKE INDICTMENT" which isn't a TRUE BILL from a Grand Jury, against Movant. Thus, Movant is serving a illegal 17 years Sentence.

    Judge Ronnie Abrams denied the Motion stating: " For the many reasons cited in this Court's prior orders, Petitioner's motion is denied."[Doc. 149 at 1].

    In the prior Order, Judge Ronnie Abrams articulated that once a Notice Of Appeal as been filed, this Court lacks Jurisdiction to grant relief. However, Judge Ronnie Abrams committed the following "errors of law", as she did in her prior Order. Notably, this case isn't on appeal and there isn't any Notice Of Appeal that was file in this case. Only the underlying collateral attack on the criminal case is on appeal (28 U.S.C. 2255). Thus, this Court has full Jurisdiction to entertain any motion on this Criminal case. In any event, even if this case was on appeal the following controlling decisions articulates that this Court does have jurisdiction.

DISCUSSION

    1 - "The proper procedure to enable district court to entertain motion made under Rule 60 while appeal is pending is for appellant to file its motion in district court, and if that court indicates that it will grant motion if remand is made for that purpose, appellant should then move in court of appeals for remand to permit district court to grant relief sought. Creamette Co. v. Merlino, 289 F.2d 569, 4 Fed. R.

Serv. 2d (Callagan) 1028 (9th Cir. 1961)." (Motions for relief under Rule 60(b) should be called to attention of "trial court" rather than court of appeals when is pending).

Thus, Judge Abrams overlooked the proper procedure and controlling, decisional law that governs a Rule 60(b) while a case is pending appeals.

2 - "Proper procedure is for Appellant to request that federal district court entertain motion to relieve appellant from orders under review on ground of mistake or inadvertence or fraud or void judgment or excusable neglect in completing record before the district court; if that court indicates that it will grant motion, appellant should then make motion in court of appeals for remand of case in order that district court may grant such relief, following which supplemental record showing such proceedings may be file in court of appeals. Greear v. Greear, 288 F.2d 466, 4 Fed. R. Serv. 2d (Callaghan) 1027 (9th Cir. 1931).

Thus, Movant Philippeaux rightfully and legally moved the district court according to law and fact.

3 - Judge Ronnie Abrams stated: "... This court lack jurisdiction... the court does not have jurisdiction ... a notice of appeal is pending; the court does not have jurisdiction to rule on Plaintiff's motion." [Doc. 53 at 1].

However, the proper procedure and controlling decision begs to differ. "District court improperly failed to consider merits of inmate's motions pursuant to Fed. R. Civ. P. 60(b) for relief from judgment that dismissed his action pursuant to 42 USCS 1983 and for reconsideration, holding that it lacked jurisdiction to do so on ground that appeal was pending from judgment; proper procedure was for district court to consider motion on merits and either deny it or indicate that it would grant motion, allowing inmate to petition court of appeals for remand for that purpose. Mahone v. Ray, 326 F.3d 1176, 16 Fla. L. Weekly Fed. C 476, 55 Fed. R. Serv. 3d (Callaghan) 735 (11th Cir. 2003).

4 - Movant contends that a Rule 60(b) and a pending appeal can legally run simultaneously, in fact, when both FRCP 60(b) motion and appeal are pending simultaneously, appellate review may continue uninterrupted; at same time, district court may consider FRCP 60(b) motion and, if court indicates that it will grant relief, appellant may move appellate court for remand in order that relief may be granted. Hoai v. Vo, 935 F.2d 308, 290 U.S. App. D.C. 142, 19 Fed. R. Serv. 3d (Callaghan) 1306 (D.C. Cir. 1991), reh'g, en banc, denied, 1991 U.S. App. LEXIS 25398 (D.C. Cir. Aug. 6, 1991), cert. denied, 503 U.S. 967, 112 S. Ct. 1578, 118 L. Ed. 2d 220 (1992).

5 - Thus, Judge Ronnie Abrams, overlooked that "District court has jurisdiction to consider FRCP 60(b) motion that is filed while appeal from underlying judgment is pending; district court has power to consider on merits and deny FRCP 60(b) motion filed after notice of appeal because court's action is in furtherance of appeal, but if district court is inclined to grant such motion, it must obtain leave of court of appeals. Travelers Ins. Co. v. Liljeberg Enters., 38 F.3d 1404, 30 Fed. R. Serv. 3d (Callaghan) 1529 (5th Cir. 1994)."

## CONCLUSION

The Indictment is falsified, it is not a bill from the Grand Jury. Not a "TRUE BILL" or even a "NO TRUE BILL". The Southern District of New York is not known for committing "Judicial Misprision", thus, with the same urgency the Honorable Judge Ronnie Abrams ruled on Movant's Emergency Motion for a Rule

60(b), Movant request that Judge Abrams urgently rule on this instant Emergency Rule 59(e) Motion to Alter the Order and indicate that this Court will grant the relief sought. And soon there after, Movant will make a motion to the court of appeals for remand of case in order that district may grant relief.

So Prayed,

fedex #3960 1337 2447

*[signature]*

Philander Philippeaux-#05029-104
FCC Coleman Low, Unit A-3
P.O. Box 1031
Coleman, FL 33521

08/20/20

Date

Application denied.

SO ORDERED.

*[signature]*

Hon. Ronnie Abrams
8/25/2020