UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/14/2020

PHILANDER PHILIPPEAUX,

                  Petitioner,

v.

UNITED STATES OF AMERICA,

                  Respondent.

13-cr-277 (RA)
18-cv-5974 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    In September 2015, Petitioner Philander Philippeaux was convicted of one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and one count of conspiring to import into the United States five kilograms or more of cocaine in violation of 21 U.S.C. §§ 963, 960(b)(1)(B). *See* No. 13-cr-277, Dkt. 116. In January 2016, Philippeaux was sentenced to 211 months' imprisonment. *See* No. 13-cr-277, Dkt. 119 at 6.

    In June 2018, Philippeaux, proceeding *pro se*, moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On March 9, 2020, this Court adopted Magistrate Judge Sarah Netburn's Report and Recommendation (the "Report") in its entirety, and denied both the § 2255 petition and Philippeaux's collateral motions.[1] *See* No. 18-cv-5974, Dkt. 38. Since that date, Philippeaux has filed numerous frivolous motions, many of which the Court has repeatedly denied. In particular, on March 16, 2020, Philippeaux filed a motion to alter or amend the Court's Order

---

[1] In addition to his § 2255 petition, Philippeaux also filed various collateral motions in both the habeas action, No. 18-cv-5974, and the underlying criminal action, No. 13-cr-277, including a motion for bond, a motion for summary reversal, a motion to recall the mandate, a motion for the Court to take judicial notice of Philippeaux's intent to file a petition for writ of mandamus, and a motion for judicial default. *See* No. 13-cr-277, Dkts. 129-30, 132, 136, 138; No. 18-cv-5974, Dkts. 7, 10, 23, 26.

adopting the Report pursuant to Fed. R. Civ. P. 59(e), *see* No. 18-cv-5974, Dkt. 39, which the Court denied on March 20th, *see* No. 18-cv-5974, Dkt. 40.  On April 6, 2020, Philippeaux filed a second motion to alter or amend the Court's Order adopting the Report pursuant to Fed. R. Civ. P. 59(e), *see* No. 18-cv-5974, Dkt. 41, which the Court similarly denied on April 8, 2020, *see* No. 18-cv-5974, Dkt. 42.  On April 13, 2020, Philippeaux filed a third motion to alter or amend the Court's Order adopting the Report pursuant to Fed. R. Civ. P. 59(e), *see* No. 18-cv-5974, Dkt. 43, which the Court again denied on April 15, 2020, *see* No. 18-cv-5974, Dkt. 44.  In its April 15th Order, the Court also cautioned Philippeaux that if he continued "to file frivolous or meritless documents in this case, the Court [would] direct [him] to show cause why he should not be barred from filing further documents in this action."  *See id.*

Philippeaux then filed a notice of appeal to the Second Circuit Court of Appeals, *see* No. 18-cv-5974, Dkt. 45, and on April 29, 2020, he filed an amended notice of appeal, *see* No. 18-cv-5974, Dkt. 48.  While his appeal was pending, Philippeaux continued to file additional motions in his habeas case.  On May 5, 2020, Philippeaux filed a "petition for declaratory and speedy coercive injunctive relief pending appeal and declaration and certification."  *See* No. 18-cv-5974, Dkt. 46.  On August 11, 2020, Philippeaux filed an "emergency motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b)(2)(3)(4), motion to dismiss falsified indictment, motion for immediate discharge of prisoner," *see* No. 18-cv-5974, Dkt. 52, which the Court denied on August 14, 2020, *see* No. 18-cv-5974, Dkt. 53.  And on August 25, 2020, Philippeaux filed an "emergency motion to amend or alter judgment or order pursuant to Federal Rule of Civil Procedure 59(e)," *see* No. 18-cv-5974, Dkt. 54, which the Court denied that same day, *see* No. 18-cv-5974, Dkt. 55.

On August 28, 2020, the Second Circuit issued its mandate, denying Philippeaux's prior motions for "bond, judicial notice, immediate discharge, default judgment, and a certificate of appealability," and dismissed his appeal.  *See* No. 18-cv-5974, Dkt. 56.  Following the Circuit's

mandate, Philippeaux continued to file motions in his habeas case.  On September 9, 2020, he filed a "renewed emergency motion for relief from final judgment, in light of newly transferred jurisdiction from the appeals court, pursuant to Rule 60(b)(2)(3)(4), due to void judgment because of prosecutor egregious misconduct, by filing a fake indictment to unlawfully manufacture subject matter jurisdiction, motion for immediate discharge of prisoner," *see* No. 18-cv-5974, Dkt. 59, and on September 18, 2020, he filed an "emergency motion for bond pending this Court's relief from final judgment, due to void judgment, to dismiss indictment & immediate discharge of prisoner, pursuant to filing of a fake indictment against movant," *see* No. 18-cv-5974, Dkt. 60.  The Second Circuit issued another mandate on October 7, 2020, denying Philippeaux's petition for a writ of mandamus.  *See* No. 18-cv-5974, Dkt. 61.

Similarly, over the past few months, Philippeaux has also filed additional motions in his underlying criminal case.  On May 4, 2020, Philippeaux filed a "petition for declaratory and speedy coercive injunctive relief pending appeal and declaration and certification."  *See* No. 13-cr-277, Dkt. 147.  On August 17, 2020, he filed an "emergency motion to dismiss indictment (nunc pro tunc), or on the Court's own motion (sua sponte) for unlawfully manufacturing subject matter jurisdiction, motion for immediate discharge of prisoner," *see* No. 13-cr-277, Dkt. 148, which the Court denied on August 18, 2020, *see* No. 13-cr-277, Dkt. 149.  On August 18, 2020, Philippeaux filed a virtually identical "emergency motion to dismiss indictment (nunc pro tunc), or on the Court's own motion (sua sponte) for unlawfully manufacturing subject matter jurisdiction, motion for immediate discharge of prisoner."  *See* No. 13-cr-277, Dkt. 150.  On August 24, 2020, Philippeaux filed a "motion for reconsideration on Order," seeking reconsideration of the Court's August 18th Order denying his August 17th "emergency motion," *see* No. 13-cr-277, Dkt. 151, which the Court denied on August 25, 2020, *see* No. 13-cr-277, Dkt. 152.  Finally, on September 9, 2020, Philippeaux filed a "renewed emergency motion to dismiss indictment (nunc pro tunc),

3

or on the Court's own motion (sua sponte), in light of newly transferred jurisdiction from the appeals court, pursuant to prosecutor egregious misconduct, by filing a fake indictment to unlawfully manufacture subject matter jurisdiction, motion for immediately discharge of prisoner," *see* No. 13-cr-277, Dkt. 153, and on September 18, 2020, he filed an "emergency motion for bond pending this Court's dismissing indictment (nunc pro tunc), due to void judgment, to dismiss indictment & immediate discharge of prisoner, pursuant to filing of a fake indictment against movant," *see* No. 13-cv-277, Dkt. 154.

Because Philippeaux's pending motions in both cases lack merit, and because many of them simply rehash arguments that have been previously raised and rejected, the Court denies them all. Philippeaux is reminded that if he continues to file frivolous or meritless documents in these cases, the Court will direct him to show cause why he should not be barred from filing further documents in these actions. The Clerk of Court is respectfully directed to terminate the motions in No. 13-cr-277 pending at Dkts. 147, 150, 153, and 154; terminate the motions in No. 18-cv-5974 pending at Dkts. 46, 59, and 60; and mail a copy of this Order to Philippeaux.

SO ORDERED.

Dated:   October 14, 2020
         New York, New York

                                                    Ronnie Abrams
                                                    United States District Judge