USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/07/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

PHILANDER PHILIPPEAUX,

                Defendant.

13-CR-277 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Following the Court's most recent order, *see* Dkt. 164, Mr. Philippeaux has submitted an "Emergency Motion to Alter or Amend" the order, which the Court attaches here. The Court reiterates its statement that it "does not intend to respond to further duplicative correspondence" from Mr. Philippeaux. *Id*. The Court does wish, however, to briefly clarify two points raised by the attached filing, and by Mr. Philippeaux's persistent complaint that a valid indictment "is required to have a 'TRUE BILL' stamped by the Foreman of the Grand Jury."

    First, to the extent Mr. Philippeaux is now raising a challenge to the validity of the 2014 indictments in his criminal case—months after the final resolution of his 28 U.S.C. § 2255 motion and nearly four years after the Second Circuit affirmed his conviction and sentence—that challenge is untimely. "Generally, a motion challenging the validity of an indictment must be made before trial." *United States v. Johnson*, No. 20-6201, 2021 WL 1561471, at *1 (6th Cir. Apr. 13, 2021). *See* Fed. R. Crim. P. 12(b)(3)(B) (objections to "a defect in the indictment or information" must be "raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits"). This rule "governs the timing of all motions relating to defects in the indictment (other than defects defeating the

jurisdiction of the court), including motions claiming violations of Rule 7(c)(1) or of constitutional provisions." *United States v. Crowley*, 318 F.3d 401, 420 (2d Cir. 2003). The United States Supreme Court has itself held, more than 125 years ago, that the precise challenge Mr. Philippeaux raises—"that the indictment lacks the indorsement 'A true bill'"—is "waived if objection is not made in the first instance and before trial, for it does not go to the substance of the charge, but only to the form in which it is presented." *Frisbie v. United States*, 157 U.S. 160, 163–164 (1895).

Second, the Court reiterates that Mr. Philippeaux's challenge is without merit. Rules Six and Seven of the Federal Rules of Criminal Procedure govern grand jury proceedings and the components of a valid indictment. Nowhere do these rules mention a requirement that indictments be stamped with the phrase "True Bill." Indictments must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government," Fed. R. Crim. P. 7(c)(1), and also must be signed by the foreperson of the grand jury, *see* Fed. R. Crim. P. 6(c). Each of Mr. Philippeaux's indictments satisfy these requirements. *See* Dkts. 16, 18, 37. As noted above, in *Frisbie*, the appellant "objected . . . that the indictment lacks the indorsement 'A true bill.'" *Id*. at 163. As the Supreme Court explained, even if such an endorsement was required at common law "in the mother country," and even if following this "ancient practice" is "advisable," in the United States "[t]here is in the federal statutes no mandatory provision requiring such indorsement or authentication." *Id. Accord U.S. ex rel. Louis v. Laubenheimer*, 71 F.2d 814, 815 (7th Cir. 1934) ("Federal statutes do not require [a 'true bill'] indorsement, and the Supreme Court has held it not essential to the validity of an indictment."); *Johnson*, 2021 WL 1561471, at *1 ("[T]here is no requirement that an indictment contain a 'true bill page'"; Rules Six and Seven "require only that the foreperson and an attorney for the government sign the indictment and that the grand

jury return the indictment in open court."). For these reasons, there is nothing irregular about a federal indictment that does not include the words "True Bill," and the absence of those words from Mr. Philippeaux's indictments lends no credence whatsoever to his speculation that they were "fake" or "falsified."

Mr. Philippeaux's motion dated May 5, 2021 is accordingly denied. The Clerk of Court is directed to mail a copy of this order to Mr. Philippeaux.

SO ORDERED.

Dated:   May 7, 2021
          New York, New York

_____
Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

PHILANDER PHILIPPEAUX

Movant,

v.  CASE NO. 13-CR-277-RA-SN

UNITED STATES OF AMERICA

Respondent.
_____/

EMERGENCY MOTION TO ALTER OR AMEND ERRONEOUS ORDER (DOC. [163][164])

WITH ATTACHED AFFIDAVIT IN SUPPORT

.   Motion to alter or amend authorizes a court to re-visit a prior order to correct errors of law or facts upon which the Order is based, or to prevent manifest injustice.

.   Judge Ronnie Abrams stated, "The Court can discern no basis in fact for this assertion, and Mr. Philippeaux has provided none." Relating to Movant's assertion that the Indictment is a FAKE. That statement is undoubtedly based on misinformation.

.   Movant Philippeaux, contends that every single of his filing to this court was accompanied with proof of the fake Indictment, exhibit "SI & SSI," copies of the "fake" Indictments, devoid of a "TRUE BILL" endorsement stamped by a Grand Jury. See Federal Rule 10(c), "all exhibit attached to a pleading is part of that pleading for all purposes. Thus, it is "misinformation" when judge Abrams assert that "Mr. Philippeaux provided none."

.   Furthermore, Movant Philippeaux always cited this court's own record in this instant case (DOC. [18], pg. 1-6) (DOC. [37], pg. 1-6). The "FAKE INDICTMENT" has no "TRUE BILL" (stamped) by a Grand Jury. (Judge Abrams need just look at a legal indictment and compare what a FAKE Indictment is). Movant has attached convenient copies of the FAKE INDICTMENT's relevant pages, hereto as exhibit "SI & SSI."

.   Hence, judge Ronnie Abrams, could have easily cited the "Grand Jury proceeding's transcript," showing an indictment was in fact issued against Movant, and put an end to filings of multiple erroneous Orders that are based on misinformation. Just maybe Movant would not have been able to argue with

the Grand Jury's "transcript", which is the intended purpose of transcribing a proceeding. To "discern" truth from lies, in Federal Courts that seeks only the truth! This Order is erroneous and is based on misinformation. A legal TRUE BILL Indictment is required to have a "TRUE BILL" stamped by the Foreman of the Grand Jury. (Weird having to state a "true bill" requires a "true bill" to make it a "true bill").

. No explanation is required, the questions to judge Ronnie Abrams are:

. 1) "is there a TRUE BILL stamp in Mr. Philippeaux indictments?

. 2) Does an Indictment from a Grand Jury require a "TRUE BILL" stamped by a Grand Jury Foreman?

. 3) Was the Grand Jury proceeding transcribed?

. 4) Does transcription of proceedings is used to discern between TRUTH from LIES, in Federal Court's proceedings?

. Hence, the public can discern no basis in fact in judge Abrams' assertion in her Order, and judge Abrams has provided none. No Grand Jury transcript, no statement articulating that an "Indictment doesn't require a TRUE BILL" stamp. Thus, all the previous Orders or this instant Order, are always based on misinformation, as opposed to "law and fact."

## AFFIDAVIT IN SUPPORT

. I, Philander Philippeaux, hereby declare upon my unlimited liability and provision of Section 1746 of Title 28, United States Code, under penalty of perjury, that the following information is true, correct, complete, and not intended to deceive, obfuscate, or intimidate public officers in the performance of their duties, to the best of my knowledge, understanding, or belief.

. 1- The Indictment filed in this case is a "FAKE INDICTMENT," does not have a "TRUE BILL" stamp issued by a Grand Jury. See exhibits "SI & SSI" attached hereto, or this Court's own record (DOC. [18], pg. 6), (DOC. [37], pg. 6)

. 2- That there is "NO GRAND JURY PROCEEDING'S TRANSCRIPT" articulating a true bill indictment has ever been issued against Mr. Philippeaux!!! And that the Grand Jury transcript stated: "the agent testifying is to make himself available to bring more evidence to the Grand Jury, because all the evidence presented, at the moment, was FAKE."

. 3- That the prosecutors proceeded on their own to file a fake indictment in conspiracies with other known and unknown federal officers. In hope that Movant would plead guilty!!!

## CONCLUSION

Pg 303;0

. Movant Philander Philippeaux, respectfully request that this court grants the relief requested, and all other reliefs this Court deems just and proper.

Respectfully submitted,

_____          _05/05/21_
PHILANDER PHILIPPEAUX                                    DATE

CERTIFICATE OF SERVICE

I PHILANDER PHILIPPEAUX, swear under penalty of perjury that this motion was delivered in a pre-addressed, postage paid envelop to the prison authorities on the same day as signed, the Petitioner request that a copy of this motion be forwarded to all interested parties via CM/ECF docketing system. A true and accurate copy of this motion was also been sent via first class U.S. mail to the following recipient.

OFFICE OF THE CLERK

SOUTHERN DISTRICT OF NEW YORK

500 PEARL STREET

NEW YORK, NY 10007-1312

_____
PHILANDER PHILIPPEAUX - 05029-104
FCC COLEMAN LOW UNIT A2
P.O. BOX 1031
COLEMAN, FL 33521

05/05/21
DATE

(Exhibit "SI")

-185810

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA              :
                                      :    SEALED INDICTMENT
          - v. -                      :
                                      :    (S2) 13 Cr.
                                      :
JHON FREDDY POTES JORIS, and          :    13 CRIM 277
PHILANDER PHILIPPEAUX,                :
    a/k/a "Philippe,"                 :
                                      :
          Defendants.                 :
                                      :
------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-15-13

COUNT ONE

The Grand Jury charges:

1.  From at least in or about March 2013, up to and including in or about April 2013, in the Southern District of New York and elsewhere, JHON FREDDY POTES JORIS and PHILANDER PHILIPPEAUX, a/k/a "Philippe," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that JHON FREDDY POTES JORIS and PHILANDER PHILIPPEAUX, a/k/a "Philippe," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

3.  The controlled substance involved in the offense was five kilograms and more of mixtures and substances

EXHIBIT "SI"

of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JHON FREDDY POTES JORIS, and
PHILANDER PHILIPPEAUX, a/k/a "Philippe,"

                       Defendants.

## SEALED INDICTMENT

13 Cr.

(21 U.S.C. §§ 841(a)(1),
841(b)(1)(A), 846, 853, 952(a),
960(b)(1)(B), 963, and 970.)

_____ 4/15/13   PREET BHARARA
                        United States Attorney.

4/15/13 — Filed sealed Superseding Indictment.
                Judge Francis

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    SUPERSEDING
            - v. -                  :    INDICTMENT
                                    :
                                    :    S3 13 Cr. 277 (RWS)
PHILANDER PHILIPPEAUX,              :
    a/k/a "Philippe,"               :
                                    :
            Defendant.              :
                                    :
------------------------------------X
```

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Aug 1 2014

COUNT ONE

The Grand Jury charges:

1. From at least in or about October 2011, up to and including in or about April 2013, in the Southern District of New York and elsewhere, PHILANDER PHILIPPEAUX, a/k/a "Philippe," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that PHILANDER PHILIPPEAUX, a/k/a "Philippe," the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

3. The controlled substance that PHILANDER PHILIPPEAUX, a/k/a "Philippe," the defendant, conspired to

EXHIBIT "SSI"

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970.)

_____          _____
FOREPERSON                              PREET BHARARA
                                        United States Attorney

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

PHILANDER PHILIPPEAUX, a/k/a "Philippe,"

Defendant.

SUPERSEDING INDICTMENT

S3 13 Cr. 277 (RWS)

(21 U.S.C. §§ 846, 853, 963, and 970.)

_____
PREET BHARARA
United States Attorney.

5/19/14 - Filed Superseding Indictment
OA.
                    Judy Greenstein
                    USMJ