UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

PHILANDER PHILIPPEAUX,

Defendant.

No. 13-CR-277 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

The Court received the attached petition filed by Mr. Philippeaux via mail. The petition is addressed to the United States Supreme Court, and therefore was improperly filed before this Court. As such, this Court will not address the petition.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Philippeaux.

SO ORDERED.

Dated:    August 30, 2024 New
York, New York

_____
Ronnie Abrams
United States District Judge

CASE No. _____

IN THE

SUPREME COURT OF THE UNITED STATES

PHILANDER PHILIPPEAUX - PETITIONER

VS.

UNITED STATES OF AMERICA - RESPONDENT

ON PETITION FOR A WRIT OF MANDAMUS OR PROHIBITION
FROM THE UNITED STATES DISTRICT FOR THE SOUTHERN DISTRICT OF NEW YORK

PETITION FOR WRIT OF MANDAMUS OR PROHIBITION PURSUANT TO USSC RULE 17
WITH ATTACHED MOTION FOR JUDICIAL NOTICE

INITIAL BRIEF OF APPELLANT

PHILANDER PHILIPPEAUX, Pro Se.
FCC COLEMAN LOW, UNIT B-4
P.O. BOX 1031
COLEMAN, FLORIDA 33521

## ISSUE PRESENTED ON EXTRAORDINARY WRIT

ON PETITION FOR A WRIT OF MANDAMUS OR PROHIBITION TO COMPEL THE DISTRICT COURT TO ISSUE A "LEGAL ORDER" (GRANTING OR DENYING) PETITIONER'S PENDING MOTIONS ON THE MERIT OF THE ISSUE PRESENTED IN FRONT OF THE DISITRICT COURT.

1- If Petitioner's motion has been pending on the District Court Docket for over Four (4) years, since August 17, 2020, does judge Ronnie Abrams (Southern District of New York) allow to hold judgment indefinitely?

2- Although Petitioner has no other adequate means to attain the relief desired, the Second Circuit Court of Appeals refuses to compel judge Ronnie Abrams to issue judgment. "Procedural Due Process Violation, Fifth Amendment of the United States Constitution."

The United States Supreme Court's supervisory power is the only and last resort.

# TABLE OF CONTENTS

|  | PAGE(S) |
|---|---|
| ISSUE PRESENTED | i |
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iii |
| OPINIONS BELOW | 1 |
| JURISDICTION | 2 |
| CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED | 3 |
| STATEMENT OF THE CASE | 4 |
| REASONS FOR GRANTING THE WRIT | 5, 6 |
| CONCLUSION | 7 |
| PROOF OF SERVICE | 8 |

# INDEX TO APPENDICES

| APPENDIX A | MEMORANDUM (DOC. 149) & MEMORANDUM (DOC. 152) | 1, 4, 5 |
| APPENDIX B | MEMORANDUM (DOC. 167) & ORDER (DOC. 165) | 1, 4, 5 |
| APPENDIX C | MEMORANDUM (DOC. 177); (DOC. 180); (DOC. 182) | 1, 4, 5 |
| APPENDIX D | NOTICE OF APPEAL (DOC. 117) | 4, 5 |
| APPENDIX E | USCA MANDATE (DOC. 186) | 4, 5 |
| APPENDIX F | ORDERS (DOC. 156); (DOC. 159) | 1, 4, 5 |
| APPENDIX G | USCA ORDER 12/30/2019 (DOC. 137) | 4, 5 |
| APPENDIX H | USCA ORDER 06/27/2024 "CASE No. 24-527" (DOC. 19) | 1, 4, 5 |
| APPENDIX I | USCA REHEARING ORDER 07/26/2024 | 2, 4, 5 |
| APPENDIX J | USCA MANDATE 09/25/2017 "CASE No. 16-0341" | 5 |
| APPENDIX K | GRAND JURY PROCEEDING TRANSCRIPT | 6 - 25 |

TABLE OF AUTHORITIES CITED

| CASES | PAGE NUMBER |
|---|---|
| Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380, 124 S. Ct. 2576, 159 L. Ed. 459 (2004) ... | 5 |
| United States v. Manzano (1 in re United States), 945 F.3d 616, 623 (2d Cir. 2019) ............... | 5 |
| Philippeaux v. U.S., USCA Case No. 19-0029 (2d Cir. 2019) ......................................... | 5 |
| Philippeaux v. U.S., USCA Case No. 16-0341 (2d Cir. 2016) ......................................... | 5 |
| Johnson v. Rogers, 917 F.2d 1283, 1284 (10th Cir. 1990) ............................................. | 5 |
| Dixon v. Von Blanckensee, 994 F.3d 95, 102 (2d Cir. 2021) ......................................... | 5, 6 |
| Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) ....................... | 5, 6 |
| Cangemi v. United States, 13 F. 4th 115, 124 n.4 (2nd Cir. 2021) ................................. | 6 |

STATUTES AND RULES

| | |
|---|---|
| Federal Rules of Evidence 201(c)(2) ...................................................................... | 5, 6 |

| | |
|---|---|
| Constitutional Amendment  U.S. Constitution Fifth Amendment ...................................... | 5 |

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR A WRIT OF MANDAMUS

Petitioner respectfully prays that a writ of mandamus issue to compel the District court issue a legal order on the merit of Petitioner's pending motions. And to review the judgments below.

OPINIONS BELOW

The following cases are from federal courts:

.   The opinion of the United States court of appeals appear at Appendix "H" to the petition and is reported at Pacer.gov, Philippeaux v. U.S., Case No. 24-527 .

.   The opinions and memorandums of the United States district court appears at Appendix "Appendix A; Appendix B; Appendix C; Appendix F; Appendix G; Appendix H; Appendix I" to the petition and is reported at Pacer.gov, U.S. v. Joris, Philippeaux, Case No. 1:13-cr-00277-RA-2.

-1-

## JURISDICTION

The "Original Jurisdiction" of this Court is invoked under Article III of the Constitution of the United States. And also 28 U.S.C. 1251, and the United States Constitution Amdt. 11.

No publicly traded company or corporation has an interest in the outcome of this appeal. U.S. Supreme Court Rule 29.6.

The date on which the United States Court of Appeals decided my case was June 27, 2024.

A timely petition for rehearing was denied by the United States Court of Appeals on the following date: August 02, 2024, and a copy of the order denying rehearing appears at Appendix I.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

UNITED STATES CONSTITUTION "FIFTH AMENDMENT (DUE PROCESS CLAUSE)

## STATEMENT OF THE CASE

Petitioner Philippeaux filed a "Motion to Dismiss Indictment [Nunc Pro Tunc]" on August 17, 2020 (US V. JORIS, PHILIPPEAUX, CASE No. 1:13-CR-00277-RA-2. See the Motion (Doc. 148). The District Court's judge Ronnie Abrams used a "MEMORANDUM" (not an Order) denying the motion. See Memo (Doc. 149).

Petitioner re-filed the "Motion To Dismiss" (Doc. 150). Petitioner also tried to correct the Memo (Doc. 149). See motion to correct (Doc. 151). The District used another "MEMORANDUM" to deny Petitioner's motion to correct. See Memo (Doc. 152).

Petitioner "re-filed" the Motion to Dismiss on September 09, 2020. (Doc. 153). The District took pages out of Petitioner's motions before docketing. See (Doc. 155). The District proceeded to erroneously deny Petitioner's duplicate motions: "Dkt. 147; Dkt. 150; Dkt. 153; Dkt. 154." See Order (Doc. 156). However, Petitioner's motion to dismiss (Doc. 148) remained pending on the District's docket indefinitely.

Petitioner filed a motion to correct erroneous order Dkt. 156. See motion (Doc. 157). The District merged and erroneously denied the motion. Order (Doc. 159). Petitioner filed a motion to correct order Dkt. 159. Motion (Doc. 160). The District denied Petitioner's motion to correct. See Order (Doc. 161).

Petitioner filed a motion to correct, motion (Doc. 162). The District Court merged and erroneously denied the motion. Order (Doc. 164).

Petitioner filed a motion to correct. Motion (Doc. 166). The District used a "MEMORANDUM" (not and order) to deny Plaintiff's motion. See Memo (Doc. 167). Motion (Doc. 166) remained pending indefinitely.

Petitioner filed a motion to correct Order (Docket 165) (Petitioner's motion dated May 05, 2021, was removed from the docket, however it was also denied @ Order (Doc. 165)). See motion to correct Dkt. 165 (Doc. 169).

Petitioner filed a "Motion to Expedite" motion Dkt. 169. See motion (Doc. 174). Petitioner also filed Two (2) "Motion to Withdraw Attorney of Record." See motions (Doc. 175); (Doc. 176). The District Court used a "MEMORANDUM," not an order, denying Petitioner. See Memo (Doc. 177).

Petitioner filed a motion to correct memorandum Dkt. 177. See motion (Doc. 178). The Attorneys of record filed a letter motion requesting withdrawal from the case. See motion (Doc. 179). The District used a "MEMORANDUM" granting Dkt. 179. See Memo (Doc. 180).

Petitioner filed a second motion to expedite judgment and notice of mandamus relief. See motion (Doc. 181). The District issued a "MEMORANDUM" denying Petitioner's motions Dkt. 178; Dkt. 181. See Memo (Doc. 182). Petitioner filed a motion to correct. Motion (Doc. 183).

Petitioner also filed a "Notice of Intent" to file for mandamus relief. See notice (Doc. 184).
To exhaust all remedies prior to seeking a mandamus relief in the United States Supreme Court, Petitioner filed for mandamus relief in the 2nd. Circuit Court of Appeals, Case No. 24-527, (Doc. 1). On June 29, 2024, the USCA denied Petitioner's petition at (Doc. 19). A motion for rehearing was timely filed and denied on 07/26/2024. And on August 08, 2024, the 2nd. Circuit issued a Mandate at (Doc. 23).

The District Court proceeded to file the mandate on its docket as: "Mandate of USCA (Certified Copy) as to Philander Philippeaux re [117] Notice of Appeal-Final Judgment." See US v. Joris, Philippeaux, Case No. 1:13-cr-00277-RA-2. (Doc. 186).

## REASONS FOR GRANTING THE PETITION

### STANDARD OF REVIEW

"[Three demanding conditions must be satisfied before the writ may issue: (1) the petitioner must have no other adequate means to attain the relief it desires; (2) the petitioner must satisfy the burden of showing that its right to issuance of the writ is clear and undisputable; and (3) the issuing court must be satisfied that the writ is appropriate under the circumstances." United States v. Manzano (1 in re United States), 945 F.3d 616, 623 (2d Cir. 2019) (cleaned up). Mandamus is "exceptional" and "to be used sparingly." Id. at 622-23 (citation omitted); Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380, 124 S. Ct. 2576, 159 L. Ed. 459 (2004) (describing mandamus as a "drastic and extraordinary remedy for really extraordinary causes." (Cleaned up)).

### DISCUSSION

Petitioner Philippeaux faces a drastic and extraordinary circumstance which warrant the exceptional mandamus relief. The ordinary process seeking justice from Courts requires the use of motions. If the motions are denied erroneously, a motion to correct is the proper vehicle and followed by an appeal to a superior Court if the lower Court abuses its discretion, or denying movant using usurpation of power. In a case where the District hold judgment indefinitely in order to deny justice, the adequate means to attain relief is the use of a mandamus. However, in the case of petitioner Philippeaux where the District and the Appellate join forces to deny justice, and the District involved in egregious behavior (i.e. taking pages out of motions; using memorandum disguise as orders; mischaracterizing mandates in order to foreclose meritorious issues, holding judgments indefinitely; Movant being set up in prison with attempted new crime to delay the ability to litigate his case in the District Court, etc.), the only adequate means and last resort is the United States Supreme Court's supervisory power.

The District Court is holding judgment indefinitely on Petitioner's criminal Case No. 1:13-cr-00277-RA (S.D.N.Y.), (Doc. 148) and (Doc. 166), for over "Four (4) years." The District is also holding judgment on (Doc. 169); (Doc. 173); (Doc. 174); (Doc. 175); (Doc. 176); (Doc. 178); (Doc. 179); (Doc. 183), for more than Three (3) years. To disguise the District Court's tactic, "Memorandums" are being used in lieu of "Orders." See Orders: "(Doc. 149); (Doc. 152)(Appendix A). District Court's (Doc. 165) is and "Order" denying Petitioner's motion dated May 05, 2021, however that motion was removed from the District's docket (Appendix B). The motions not "removed" are denied using memorandums, see (Doc. 167)(Appendix B); (Doc. 177). Also see (Doc. 180); (Doc. 182)(Appendix C)." Petitioner cannot appeal a "memorandum" as it isn't an order, and the District refuses to issue legal orders for multiple years at a time. The 10th Circuit held that a 14 months delay in ruling on a motion for relief for no reason other than docket congestion was impermissible. "Johnson v. Rogers, 917 F.2d 1283, 1284 (10th Cir. 1990)." In petitioner Philippeaux's case it isn't docket congestion, but docket manipulation and "Procedural Due Process Violation." The only other adequate means to obtain justice is an "Injunction" in the same District that is deflecting justice, thus proves to be impossible. Although an "Injunction" isn't part of normal process of litigating one's case, court's purpose is to carry out and uphold justice. The Second Circuit Court of Appeals is harboring the District Court's behavior, it used a template denial to deny Petitioner's mandamus relief. Previously, Petitioner filed for mandamus relief in a case that was easily deniable in the District (USCA, 2nd. Cir., Philippeaux v. US, Case No. 19-0029, (2019). The Second Circuit did not issue the Writ, however it adjudged: "denial without prejudice to renewal if the district court fails to act on the motion within 60 days." See Order (Doc. 137) (Appendix G). Hence, giving an impression that if the denial is assured the Circuit Court can be fair, but if Petitioner's motion has merit and undeniable proof," clearly it will harbor the District Court's usurpation of power. In the recent petition for mandamus relief at the 2nd Circuit with attached " Motion For Judicial Notice," requesting the Circuit Court compel the District to issue a "legal order denying or granting the motions on the merit." The Second Circuit used the template denial but unable to articulate the alternate adequate means Petitioner still have to attain relief, when the District Court is using fraudulent behaviors to deny Petitioner. The Circuit also refuses to take judicial notice of Petitioner's "Grand Jury Transcript"(Appendix "K") which proves the grand jury declined to issue a True Bill Indictment against Petitioner, see USCA's Court Order (Appendix H). Notably, Fed.R.Evid. 201(c)(2) requires: The Court "must" take judicial notice if a party request it and the court is supplied with the necessary information." And the Second Circuit precedent held that: "recognizing that courts may take 'judicial notice' of the fact that news articles and their contents exist, without respect to the truth of their contents." "Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008)." Hence, the 2nd Circuit should have taken judicial notice that Petitioner's "Grand Jury Transcript," partial or not but the content, showed no indictment was ever issued against Petitioner Philippeaux. Petitioner rose the issue with the cases that contradicts the Appellate Court's order, but with no avail (Appendix I). Moreover, the 2nd Circuit

issued a Mandate which the District Court used as a disguise to manipulate the docket into showing the pending motions were finalized. The District Court filed the mandate as: " MANDATE of USCA (certified Copy) as to Philander Philippeaux re: [117] Notice of Appeal - Final Judgment. USCA Case Number 24-0527." See District (Doc. 186)(Appendix E). However, Notice of Appeal re [117] was an unrelated matter filed on Petitioner's case over 8 years ago on unrelated "USCA Case No. 16-0341 re: [116]. The "MANDATE related to Notice of Appeal re: [117]" was already issued since 09/25/2024. See the District (Doc. 121) (Appendix D; Appendix J). Hence, this instant case is a testimony that denials are always readily available while relief for an incarcerated person, even falsely imprisoned, is clearly impossible. Petitioner isn't being belligerent but it is the facts of this case and the record of the Court itself that is testifying that justice is unattainable, at least in the Southern District of New York and the Second Circuit Court of Appeals. For judge Ronnie Abrams to hold judgment indefinitely, and using egregious manipulation tactics to deny Petitioner justice, is a Due Process Violation (Fifth Amendment of the U.S. Constitution).

The United States Supreme Court is a Court of last resort. Here, 1) Petitioner has no adequate alternative means to attain the relief desired; 2) it is clear and undisputable that Petitioner is entitle to a "legal order" on the merit of the issue presented in his pending motions (regardless if that legal order is to deny or grant relief); 3) after 4 or more years of 9 or more pending motions properly moving the District Court to exercise its judicial duty, which the District responded with egregious behaviors, Petitioner's cause is clearly drastic and extraordinary. The issuance of the writ is satisfied and appropriate under the circumstances.

## MOTION FOR JUDICIAL NOTICE

Petitioner Philippeaux respectfully move this honorable Court take "Judicial Notice" of the "Grand Jury Transcript," attached as (Appendix K). This particular grand jury transcript shows "no true bill indictment was ever issued against Petitioner Philippeaux. Pursuant to Fed.R.Evid. 201(c)(2): "The Court must take judicial notice if a party request it and the court is supplied with the necessary information, document that can accurately and readily determined from a source whose accuracy cannot reasonably questioned." "The court may take judicial notice of facts "generally known within the territorial jurisdiction" or facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Dixon v. Von Blanckensee, 994 F.3d 95, 102 (2d Cir. 2021)(internal quotation marks and citation omitted). Staehr v. Hartford Fin. Servs Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (recognizing that courts may take judicial notice of the fact that news articles and their contents exist, without respect to the truth of those contents). Petitioner Philippeaux is a federal document record by court transcriber. See "Cangemi v. United States, 13 F.4th 115, 124 n.4 (2d Cir. 2021)(taking judicial notice of record published on government website). Petitioner Philippeaux respectfully request the honorable Court take judicial notice of the grand jury transcript provided "Appendix K."

Respectfully submitted,

08/22/2024
DATE

PHILANDER PHILIPPEAUX

- 6 -

## CONCLUSION

The petition for a writ of mandamus or prohibition should be granted.

Respectfully submitted,

_____

Date 8/22/2024

- 7 -

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

PHILANDER PHILIPPEAUX - PETITIONER

VS.

UNITED STATES OF AMERICA - RESPONDENT

PROOF OF SERVICE

I, Philander Philippeaux, do swear or declare that on this date, _____, 2024, as required by Supreme Court Rule 29 I have served the enclosed MOTION FOR LEAVE TO FILE, MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS and PETITION FOR A WRIT OF MANDAMUS on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelop containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid.

The name and addresses of those served are as follows:

1- Solicitor General of the United States, Room 5616, Department of Justice, 950 Pennsylvania Ave., N.W. Washington, DC 20530-0001.

2- Chambers of judge Ronnie Abrams, 500 Pearl Street, New York, N.Y. 10007.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on 08/22, 2024

PHILANDER PHILIPPEAUX

- 8 -